## WM. LOWE *v.* JOHN THORNTON'S HEIRS.

**Rents — Interest.**

Rent after it is due carries interest like other obligations originating in contract.

**Contempt — Attachment.**

The mere failure to satisfy an execution or judgment when the defendant is unable to do so should not be treated as a contempt and punished accordingly.

**Same.**

The party should be summoned on a rule to appear and defend or excuse the supposed contempt before the court should resort to an attachment.

APPEAL FROM GARRARD CIRCUIT COURT.

April 23, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The evidence taken before the commissioner seems to us to sustain his report of rents and waste, and the allowance of interest on the annual installments of rent is deemed proper, under all the circumstances. The third section of article 2, chapter 56, of the Revised Statutes (2 Stant. 92) provides that " rent after it is due shall carry interest like other liabilities originating in contract."

The right of the chancellor to proceed by attachment to punish a party who, in contempt of his authority, willfully refuses to perform the judgments or orders of the court, is unquestionable; but ordinarily the mere failure to satisfy an execution or judgment,

where the defendant is unable to do so, should not in our opinion be treated as a contempt and punished accordingly. At least, the party should, on sufficient grounds shown, be summoned or ruled to appear and defend or excuse the supposed contempt before the court should resort to attachments or orders of arrest.

From the transcript as certified to us by the clerk we do not feel authorized to infer that the record was not properly signed by the special judge. It is not, therefore, necessary here to decide what may have been the effect of an omission to do so.

Wherefore, the judgment for the balance found due the appellees by the commissioner's report is affirmed, but so much of the judgment as awards an attachment against the appellant is reversed. As to the alleged contempt, further proceedings may be had not inconsistent with this opinion.